UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACQUELINE KINNEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:13-cv-01901-TWP-DKL ) |
| INDIANA AUTOMOTIVE FASTENERS, INC., | ) ) ) ) |
| Defendant. | ) |

## ORDER ON MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m) filed by Defendant Indiana Automotive Fasteners, Inc. ("IAF") ([Filing No. 9](#)) after Plaintiff Jacqueline Kinney ("Ms. Kinney") failed to serve the complaint within 120 days of filing. For the following reasons, IAF's Motion is **DENIED**.

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve the complaint within 120 days of the filing date. Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Thus, a complaint may be dismissed under Rule 12(b)(5) for insufficient service if it is not served within 120 days of filing. *Bond v. Millsaps*, No. 1:10-cv-01036-TWP-DKL, 2013 WL 319502, at *1 (S.D. Ind. Jan. 28, 2013). The Court will extend the time for service for an appropriate period if the plaintiff shows good cause for the untimely service. If the plaintiff cannot establish good

cause, the Court still may exercise its discretion in granting an extension of time. *Id.* at *2; *see also Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 382–83 (7th Cir. 1998). The Court may consider affidavits and other documentary evidence in making its determination regarding dismissal. *Bond*, 2013 WL 319502, at *1.

## II. BACKGROUND

On September 5, 2013, Ms. Kinney received a "Dismissal and Notice of Rights" letter from the U.S. Equal Employment Opportunity Commission ("EEOC") ([Filing No. 1 at 5](Filing No. 1 at 5)). Ms. Kinney filed this action on December 2, 2013, alleging sexual harassment, retaliation, and constructive discharge under 42 U.S.C. § 2000e *et seq.*, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, against her former employer, IAF ([Filing No. 1](Filing No. 1)). The complaint was served on IAF on April 8, 2014, 127 days after the filing of the complaint ([Filing No. 5](Filing No. 5)). On April 24, 2014, IAF filed a Motion to Dismiss for untimely service under Federal Rules of Civil Procedure 4(m) and 12(b)(5).

Ms. Kinney asserted that the delayed service was due to miscommunication, oversight, and clerical error. Ms. Kinney's attorney believed that Ms. Kinney would perfect service on IAF. This proved not to be the case. Ms. Kinney's attorney served the complaint on IAF upon learning this error.

## III. ANALYSIS

"Even though service of process today has become more flexible than it once was, it is still a critical part of a lawsuit." *Troxell*, 160 F.3d at 382. A plaintiff may avoid dismissal under Rule 4(m) by a showing of good cause or upon the exercise of the court's judicial discretion. *Bond*, 2013 WL 319502 at *2; *see also Troxell*, 160 F.3d at 382–83. The time constraints of Rule 4(m)

2

are intended to be a "useful tool for docket management, not an instrument of oppression." *Floyd v. United States*, 900 F.2d 1045, 1049 (7th Cir. 1990).

In responding to the Motion to Dismiss, Ms. Kinney asserted that this Court must extend the time for service if good cause is shown for the untimely service ([Filing No. 11](#)). Ms. Kinney acknowledged that she is left to the Court's discretion if she cannot show good cause. She then asserted that her failure to timely serve IAF was for good cause, resulting from counsel's miscommunication, oversight, and clerical error.

IAF replied to Ms. Kinney's assertions, noting that Ms. Kinney failed to meet her burden to show good cause because she did not present any affidavits or other evidence to support her position and that attorney miscommunication, oversight, or clerical error is not a basis for good cause.

**A. Good Cause**

A plaintiff that misses the 120-day deadline for service will avoid dismissal under Federal Rule of Civil Procedure 4(m) upon a showing of good cause. *Bond*, 2013 WL 319502, at *2 (citations omitted). The plaintiff has the burden to establish that good cause exists to guarantee herself additional time to perfect service under Rule 4(m). *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988). The determination of whether good cause exists is entrusted to the district court's discretion. *Troxell*, 160 F.3d at 383. "To establish good cause, a plaintiff must at least show reasonable diligence in attempting service." *Tremper v. Air Shields Inc.*, No. IP00-1080-C-B/S, 2001 WL 10000686, at *2 (S.D. Ind. Aug. 27, 2001) (internal citations and quotation marks omitted).

"The Seventh Circuit has stated that 'simple attorney neglect, without the presence of substantial extenuating factors, such as sudden illness or natural disaster, cannot constitute the sole

basis for a 'good cause' determination.'" *Bond*, 2013 WL 319502, at *3 (quoting *Floyd*, 900 F.2d at 1047).

Ms. Kinney's only reason for her untimely service was counsel's "miscommunication, oversight, and clerical error" regarding who would serve IAF. While the Court appreciates counsel's candor in taking full responsibility for the late service, it cannot constitute the sole basis for good cause. Further, the Seventh Circuit has cautioned, "[a]n attorney who files suit when the statute of limitations is about to expire must take special care to achieve timely service of process, because a slip-up is fatal." Tuke, 76 F. 3d at 156. Here, it is evident that counsel did not take special care to achieve service, but instead allowed miscommunication, oversight and clerical error to lead to late service. Because good cause does not exist for Ms. Kinney's late service, an extension of time under Rule 4(m) is not guaranteed.

**B. Judicial Discretion**

"Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service." *Troxell*, 160 F.3d at 383. In exercising its discretionary powers, the court may consider factors including: (1) a statute of limitations bar, (2) prejudice to the defendant, (3) actual notice of the lawsuit, and (4) eventual service. *Id.*; *see also Bond*, 2013 WL 319502, at *4.

Ms. Kinney asks the Court to exercise its discretion in granting an extension of time to perfect service, asserting a statute of limitations bar and that she is "unaware of any prejudice that IAF may suffer." ([Filing No. 11 at ¶ 12](#).) She relies on the case *United States v. McLaughlin*, 470 F.3d 698 (7th Cir. 2006). In *McLaughlin*, the government filed a complaint against Mr. McLaughlin for unpaid income taxes. The government mailed a copy of the complaint to Mr. McLaughlin and requested that he waive formal service. He did not waive service. *Id.* at 699. After

4

numerous extensions of time, the government eventually succeeded in serving Mr. McLaughlin. Mr. McLaughlin admitted that he was liable for the unpaid income taxes but argued that the court should not have extended the time for service. *Id.*

The Seventh Circuit affirmed the denial of Mr. McLaughlin's motion to dismiss because (1) he had received a copy of the complaint in the mail within the 120-day period, which provided actual notice of the lawsuit, (2) he had admitted his liability, and (3) the statute of limitations would have barred the refiling of the complaint. *Id.* at 701. The court explained that Mr. McLaughlin "could not have been prejudiced to even the slightest extent" because of his actual notice of the lawsuit and his admission of liability. *Id.*

In its Reply ([Filing No. 12](Filing No. 12)), IAF cites this Court's decision in *Bond v. Millsaps.* In *Bond*, his Court held that the factors of a lack of prejudice and a statute of limitations bar were insufficient to prevent dismissal under the Court's discretion. However, in granting the dismissal, this Court noted that the plaintiff in *Bond* was given several opportunities beyond the 120-day period to perfect service, which still had not been perfected for over two years after the filing of the suit. *Bond*, 2013 WL 319502 at *4.

Although Rule 4(m) prescribes dismissal without prejudice for untimely service, in this case, dismissal effectively would be with prejudice because the statute of limitations will bar Ms. Kinney from refiling her claims. Further, unlike the circumstances in *Bond* where the plaintiff had been provided several opportunities beyond the 120-day period to serve all of the defendants and still had not done so over two years after filing the complaint, here service was effectuated on day 127, a mere seven days late. IAF has not argued that it has suffered any prejudice as a result of the seven-day delay. Additionally, IAF's counsel had received a copy of the EEOC's September 5, 2013 "Dismissal and Notice of Rights" letter to Ms. Kinney ([Filing No. 1 at 8](Filing No. 1 at 8)). Although an

5

EEOC complaint right to sue letter does not guarantee further court action, the potential exists that a lawsuit that might follow. Because there is a lack of prejudice to IAF, service actually has been effectuated (albeit seven days late),[1] and the statute of limitations would bar the refiling of the complaint, the Court determines that these circumstances warrant a discretionary extension of the deadline to serve the complaint.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court **DENIES** IAF's Motion to Dismiss. The parties are ordered to meet with Magistrate Judge Denise K. LaRue for an initial pretrial conference.

**SO ORDERED.**

Date: 11/17/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

David J. Pryzbylski
BARNES & THORNBURG LLP
dpryzbylski@btlaw.com

Terry W. Dawson
BARNES & THORNBURG LLP
terry.dawson@btlaw.com

Matthew R. Strzynski
indyattorney@hotmail.com

---

[1] Plaintiff's counsel is reminded of the need to strictly comply not only with the rules of civil procedure, but also with the Court's Local Rules. Local Rule 5-3 requires notice to the clerk of any changes to the attorney's law firm or contact information.